MANUEL PÉREZ-BLANCO, Appellant, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 702. Submitted January 9, 1928.—Decided January 24, 1928.

*José Martínez Dávila* for the appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On October 19, 1927, Ramón Delgado Rivera and his wife and Manuel Pérez Blanco went before a notary and stated that the spouses Delgado owned a certain urban property which they described; that they owed various specified

amounts to different mercantile firms, naming them; that they had made an agreement with their creditors for the payment of their debts in which agreement Manuel Pérez Blanco was designated as trustee, and that in order to secure such payments they should and did create in effect a mortgage on the aforesaid urban property in favor of the trustee, who was commissioned to distribute proportionately among the creditors the amounts as they were received.

The document was presented in the registry, but its record was denied "because the creditors, . . . had not given their consent that the debts owed to them should be secured by a mortgage created in favor of a third person, as is the aforesaid trustee."

Pérez Blanco took the present administrative appeal and alleges that the decision of the registrar is contrary to section 138 of the Mortgage Law and to the jurisprudence established by this court in *Santiago* v. *Registrar of Guayama,* 25 P.R.R. 797.

The registrar has filed a lengthy brief in support of his decision, invoking the decision of the General Directorate of Registries of Spain of March 14, 1893. He maintains that this is not the usual case in which a debtor secures his debt to a creditor by means of a voluntary mortgage, but that of a bilateral contract resulting from an agreement with all of the creditors, a mortgage being created in favor of a person distinct from the creditors.

If it were a matter of recording the agreement, or if the record bound the creditors to respect and comply with the said agreement, the registrar would be right; but what is sought to be recorded is simply the mortgage whereby a lien is created on the property of the debtor. It is the debtor who suffers and subjects his property to the payment of his debts. As the creditors did not appear as parties to the mortgage, they can not be prejudiced at all by the statements made in the deed by the debtor or by the so-called trustee.

The record sought has no other effect than to bind the debtor in the manner which he himself has chosen. If his statements and those of the "trustee" are untrue, the whole structure falls.

This being the case, the case of *Santiago* v. *Registrar, supra,* is perfectly applicable. In that case this court, based on a study of the question involved and on the decisions of the General Directorate of Registries of Spain of June 25, 1877, December 29, 1880, and November 28, 1893, held as follows:

"According to the provision of article 138 of the Mortgage Law, a voluntary mortgage may be created validly not only by the agreement of the parties but also by the exclusive act of the owner of the property on which it is imposed, and no showing is required of the acceptance by the person in whose favor the lien is created. For this reason the fact that it was not duly shown in the deed presented in the registry for record that the person appearing therein as the creditor's agent was in fact such agent, is not a curable defect."

The decision invoked by the registrar presents a different case. There appeared before a notary Magdalena Aumasqui and Narciso Llunell, of one part, and Juan Vall and his daughter Francisca, a minor, of the other part, and on the occasion of the marriage of his daughter to Llunell Juan Vall gave her fifteen thousand *pesetas* and a wardrobe of clothing, and as he delivered only one-half of that sum, he created a mortgage on a property to secure the other half. The registrar refused to record the instrument on the ground that in the marriage contract the minor had accepted the gift and in consideration thereof renounced her legal portion, and the Directorate of Registries affirmed the decision because it considered "that the mortgage formed an integral part of the bilateral contract and in that respect partook of the same nature, and therefore required for its creation the mutual consent of the parties." No showing was made

of the acceptance of the mortgage on the part of the minor in whose favor the gift had been made.

It appears, therefore, that the Directorate of Registries did not follow the theory fixed by it in the decision already cited as to the necessity of the acceptance of the mortgage, based on the peculiar circumstances of the case. It may be said, as contended by the registrar, that here also the mortgage was created as a consequence of a contract between the debtor and his creditors. And in effect it was. It would have been clearer if the creditors had appeared and formally agreed to the contents of the deed and accepted the security given. But they did not appear and the contract has no more effect than that of an act of the owners of a property which they encumber to secure the payment of certain debts that they owe in the manner agreed to by them. And this may be done by any property owner without any showing from the same instrument of acceptance by the persons in whose favor the lien is directly or indirectly created. The terms of the instrument and those of the record will be sufficient for a determination of their respective effects.

The decision appealed from must be reversed and the record ordered.